## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMI APRIL MUSIC, INC., SWEET CHIN     :
MUSIC, INC., GNAT BOOTY MUSIC,     :
RODSONGS, and WB MUSIC CORP.,     :
    :   CIVIL ACTION NO.
          Plaintiffs,     :
    :
      v.     :
    :
GROG, INC. and JOHN REDDEN,     :
    :
         Defendants.     :

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.      Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.     The Plaintiffs named in Column 2[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.     On information and belief, defendant, Grog, Inc. ("Grog"), is a corporation organized under the laws of Pennsylvania, with a principal place of business located at 951-955 Frankford Avenue, Philadelphia, Pennsylvania 19125.

6.     At all times hereinafter mentioned Grog did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the New Barbary, located at 951 Frankford Avenue, Philadelphia, Pennsylvania 19125.

7.     Musical compositions were and are publicly performed at the New Barbary.

8.     On information and belief, defendant John Redden ("Redden") is an individual who resides or does business in this District.

9.     On information and belief, Redden is a principal, director, and/or officer of Grog.

10.    At all times hereinafter mentioned, Redden was, and still is, responsible for the control, management, operation, and maintenance of the affairs of Grog.

11.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the New Barbary,

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

including the right and ability to supervise and control the public performance of musical compositions at the New Barbary.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at the New Barbary.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT
## OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 560,000 songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.  Defendants' knowledge and intent are established by the following facts:

a.     For the periods prior to September 30, 2015, Defendants held a license agreement from ASCAP.

b.     Defendants, however, failed to pay license fees as required by the license, and, as a result, ASCAP duly terminated defendants' license agreement effective September 30, 2015.  Subsequently, ASCAP offered to reinstate Defendants' license if

Defendants would pay the license fees owed under the terminated license agreement. Defendants rejected ASCAP's offers.

16.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the New Barbary, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

17.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

18.     The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

19.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

20.     The composition named in cause of action 4 is now in the renewal term of copyright, secured by due filing of an application of renewal of copyright in the Office of the Registration of Copyrights.  The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of the claimant listed in Column 7.  The date and identification number of the renewal certificate are set forth in Column 8.

21.     Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at the New Barbary, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

22.     The public performances at the New Barbary of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized:  neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

23.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

24.     The many unauthorized performances at the New Barbary include the performances of the four copyrighted musical compositions upon which this action is based.

25.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

26.     The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.      That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them – and from causing or permitting the said compositions to be publicly performed at the New Barbary, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.     For such other and further relief as may be just and equitable.


Respectfully submitted,


Vincent V. Carissimi (PA 42227)
Noah S. Robbins (PA 206803)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail:  carissimiv@pepperlaw.com
         robbinsn@pepperlaw.com

Dated:  April 12, 2016                    *Attorneys for Plaintiffs*

# Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | EMI APRIL MUSIC, INC.<br><br>SWEET CHIN MUSIC, INC. | I WRITE SINS NOT TRAGEDIES | Brendon Urie<br>Ryan Ross<br>Spencer Smith<br>Brent Wilson | September 27, 2005 | PA 1-162-939 | | | February 15, 2016 |
| 2. | GNAT BOOTY MUSIC | HEY YA! | Andre Benjamin | September 23, 2003 | PA 1-222-527 | | | February 15, 2016 |
| 3. | RODSONGS | THRILLER | Rod Temperton | November 24, 1982 | PA 162-442 | | | February 15, 2016 |
| 4. | WB MUSIC CORP. | SWEET GEORGIA BROWN | Ben Bernie<br>Kenneth Casey<br>Maceo Pinkard | March 18, 1925 | EXXC 612187 | Dorothy Westley Bernie (Widow of co-author Ben Bernie)<br><br>Kenneth Casey<br><br>Maceo Pinkard | R 92067<br>March 18, 1952 | February 15, 2016 |